**HERCULES TROUSER COMPANY, Plaintiff, v. ZARET, Defendant.**

Common Pleas Court, Fayette County.

No. 21195.   Decided March 24, 1954

Collis Gundy Lane, Richard Huggard, Columbus, for plaintiff.
Benoy & Sebastian, Columbus, for defendant.

## OPINION

By CASE, J.

The respective motor vehicles of Hercules Trouser Company (plaintiff) and Mitchell L. Zaret (defendant) were engaged in a collision on January 26, 1950; and, on March 24, 1951, plaintiff filed its original petition herein seeking damages in the alleged amount of its entire loss arising therefrom; and, to said petition, defendant filed his motion to strike on April 18, 1951.

On September 25, 1953, by leave of court, plaintiff filed its amended petition herein seeking damages for all losses suffered by it as a result of said collision.

On October 3, 1953, defendant answered plaintiff's amended petition and, for his second defense therein, asserted:

"For his second defense, the defendant says, that the plaintiff is not the real party in interest for the reason it has assigned all or part of its claim to some other person or corporation.

"Interrogatories are attached hereto to be answered under oath by an officer of the plaintiff,"
and said interrogatories, so attached to defendant's answer, read:

"**Interrogatory No. 1.**

"State whether or not plaintiff has assigned its right of action to recover for damages sustained by the tractor and trailer involved in the collision referred to in the amended petition, to any person, firm or corporation, either in whole or in part.

"**Interrogatory No. 2.**

"If your answer to interrogatory No. 1 is that said cause of action has been assigned, either in whole or in part, state to what person, firm or corporation said cause of action has been so assigned."

On October 26, 1953, the court scheduled and assigned said matter for jury trial on March 23, 1954.

On March 4, 1954, plaintiff (Hercules Trouser Company) filed the following motion herein:

"Plaintiff moves the court for an order making the Federal Insurance Company, a party plaintiff herein; and for leave to file a Second Amended Petition."
and plaintiff attached thereto an affidavit in support thereof which reads as follows:

"Richard Huggard, being first duly sworn, says that he is attorney for plaintiff; that at the time of the collision described in the amended petition filed herein, the Hercules Trouser Company carried a Fifty Dollar ($50.00) Deductible Collision Policy with the Federal Insurance Company; that as a result of said collision and said policy, the Federal Insurance Company paid to the Hercules Trouser Company the sum of Six Hundred Ninety and 18/100 ($690.18) Dollars; and that the Federal Insurance Company is a necessary party to the determination of this cause."

## DISCUSSION OF LAW AND FACTS

All parties concede that the claim for damages, as set forth in plaintiff's original and amended petition, arose out of said collision which occurred on January 26, 1950. This being true, it follows that plaintiff's cause of action accrued on said date and that the statutory time, within which plaintiff could

pursue its remedial rights through such action, was fixed and determined by the provisions of §11224-1 GC, which read:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Also, it is noted that §2305.10 R. C., contains language identical with that of the former section quoted above.

It is equally clear that the Second Defense, as set out in defendant's answer, is a special statutory defense, in the nature of abatement, as provided for by the provisions of §2307.05 R. C. (formerly §11241 GC) which reads:

"An action must be prosecuted in the name of the real party in interest, except as provided in §2307.06 to §2307.08, inclusive, R. C. When a party asks that he may recover by virtue of an assignment, the right of counterclaim, and defense, as allowed by law, shall not be impaired."

It is obvious that defendant's second defense urges and relies upon the alleged assignment of all or part of the claim sued on by plaintiff (Hercules Trouser Company) to some other person or corporation.

It is admitted by plaintiff's affidavit in support of the within motion that, at the time of the accident complained of, the Hercules Trouser Company carried a $50 Deductible Collision Policy with the Federal Insurance Company and that, "as a result of said collision and said policy," the Federal Insurance Company paid the plaintiff the sum of $690.18.

With respect to such preexisting coverage and subsequent payment, there appears to be some similarity of facts between the case at bar and the case of Vasu v. Kohlers, Inc., 145 Oh St 321, where the Supreme Court held, among other things:

"6. Where an injury to person and to property through a single wrongful act causes a prior contract of indemnity and subrogation as to the injury to property, to come into operation for the benefit of the person injured, the indemnitor may prosecute a separate action against the party causing such injury for reimbursement for indemnity monies paid under such contract.

"7. Parties in privy, in the sense that they are bound by a judgment, are those who acquired an interest in the subject matter after the beginning of the action or the rendition of the judgment; and if their title or interest attached before that fact, they are not bound unless made parties." (Emphasis ours.)

At the bottom of page 322 of the Vasu case, supra, it appears that the Federal Insurance Company was also the insurer in that case, and that the terms and provisions of its

$50 deductible collision policy so issued to Vasu operated so as to assign the insured's entire claim for damage upon the payment of $313.49 to the insured and that such payment was made prior to the commencement of an action in the common pleas court.

Bearing in mind the mandatory provisions expressly set forth in the last sentence of §2307.05 R. C., to the effect—"When a party asks that he may recover by virtue of an assignment, the right of counterclaim, and defense, as allowed by law, shall not be impaired,"—it becomes clear that whether plaintiff (Hercules Trouser Company) is the real party in interest and whether defendant's second defense, as allowed by law, shall be impaired, must be determined from the specific date on which the Federal Insurance Company made its payment of $690.18 to the Hercules Trouser Company and the provisions contained in said insurance policy providing for assignment to said insurer of the insured's entire claim for such damage.

Obviously, the facts admitted and disclosed by plaintiff's motion and affidavit in support thereof do not reveal whether the assignment to Federal Insurance Company became effective before or after commencement of the within action and whether the provisions of said insurance policy operated as an assignment of plaintiff's entire claim against the defendant.

The reason, if any, for the absence of such determinative assertions and representations on behalf of plaintiff's motion to make said insurer a party plaintiff herein, is peculiarly within plaintiff's knowledge. The apparent reluctance to divulge and incorporate such factual information in support of its motion to make said insurer a party plaintiff (some four years after the cause of action accrued and nearly three years after plaintiff had brought action thereon, and after defendant had answered setting up a special statutory defense that plaintiff was not the real party in interest) tends to indicate that said motion possesses certain definite dilatory character and purpose; and, in the absence of any past or present effort by the Federal Insurance Company to intervene herein, reasonably indicates the dilatory purpose and intent of said motion.

The relative significance of such failure, to reveal certain essential and determinative facts upon motion to make the insurer an additional party plaintiff at this late date, cannot be ignored where plaintiff of record, by its previous pleadings, sought to recover the entire damages of $850.00 and now admits that a new party plaintiff is entitled to $690.18 of that total. Thus far the record fails to show that the Federal

Insurance Company has exercised any diligence or effort to assert such claim.

Plaintiff (Hercules Trouser Company) contends that the Federal Insurance Company is a necessary party in this proceeding and cites in support thereof **Color Co. v. Mfg. Co., 155 Oh St 17.** Beginning at page 24 of its opinion in that case, the Supreme Court of Ohio cited with approval the case of United States v. Aetna Casualty & Surety Co., infra, as follows:

"In the recent case of United States v. Aetna Casualty & Surety Co., 338 U. S., 366, 94 L. Ed., 171, 70 S. Ct., 207, 12 A. L. R. (2d), 444, construing the federal Tort Claims Act, providing for the prosecution of tort claims against the United States for wrongful act or wrongful death in connection with revised U. S. Statute 3477 prohibiting transfers and assignments of such claims except assignments made as the payment of a claim, the court held that an insurer-subrogee, who has substantive equitable rights, such as an insurance company which has been subrogated wholly or in part by payment to an insured upon a claim arising under the federal Tort Claims Act, qualifies as 'the real party in interest' within the meaning of Rule 17 (a) of the Federal Rules of Civil Procedure, which provides that every action shall be prosecuted in the name of such party and that a subrogee who has paid an entire loss suffered by the insured must sue in his own name, as he is the only real party in interest; that an insurer who has paid only part of the loss suffered by the insured may bring suit alone as the real party in interest; and that he is not required to bring suit in the name of the insured for his own use and for the use of the insurance company.

"In the opinion in that case, Chief Justice Vinson, after discussing the reasons for prohibition of the assignment of claims against the United States and observing that the rule has been held not to apply to transfers by operation of law, said:

" '* * * If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. 3 Moore, Federal Practice (2 Ed.), page 1339. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tort feasor which qualify them as real parties in interest.' "

It is axiomatic that the syllabus of decisions of our Supreme Court state the law of the case; and that the first two paragraphs of the syllabus in the Color Co. v. Mfg. Co., case, supra, read as follows:

"1. An action must be prosecuted in the name of the real party in interest.

"2. Persons who are united in interest in the subject matter of an action must be joined as plaintiffs or defendants."

but it is also true that all of the facts and circumstances surrounding the insurance contract between the insurer and insured in that case were clearly revealed and before the court in determining the issues therein. There are substantial differences between the facts of record in that case and those in the case at bar, and it does not appear that said decision is controlling or dispositive of the motion in the case at bar for, as held by the Supreme Court, in the case of **Gordon v. Rhodes, 158 Oh St 129:**

"1. A reported decision, although in a case where the question might have been raised, is entitled to no consideration whatever as settling, by judicial determination, a question not passed upon or raised at the time of the adjudication."

and it does not appear that the court, in the case of Color Co. v. Mfg. Co., supra, had before it the factual situation which distinguishes that case from the instant proceeding.

It is also noted that the provisions of §11241 GC, providing that "an action must be prosecuted in the name of the real party in interest," and of §11256 GC, providing that "parties who are united in interest must be joined, as plaintiffs or defendant," were in full force and effect at the time of said court's decision in the case of **Vasu v. Kohlers, Inc., 145 Oh St 321,** wherein the following factual situation is recited, beginning at page 322:

"At the time of the collision the plaintiff had coverage of a $50 deductible collision policy on his automobile, written by the Federal Insurance Company as the carrier. On October 15, 1940, the Federal Insurance Company paid the plaintiff the sum of $313.49, covering the damage to his automobile, whereupon, in accordance with a provision of the policy, the plaintiff assigned to the insurance carrier his entire claim for such damage.

"On February 13, 1942, the Federal Insurance Company commenced an action, being case No. 112394, in Mahoning County Common Pleas Court, against Kohlers, Inc., the defendant in this case, to recoup the money paid by it to cover the damage on Vasu's automobile.

"On August 6, 1942, Vasu, the plaintiff, commenced this action in the Common Pleas Court of Mahoning County against the defendant, Kohlers, Inc., to recover for personal injuries which he suffered in the same collision."

And it appears, from paragraphs 6 and 7 of the syllabus

thereof, that questions of facts, concerning "the real party in interest" and "persons who are united in interest in the subject matter of an action," are to be established and determined upon the express provisions of the contract for indemnity and subrogation, as existing at the time of collision, and the actual time (before or after the beginning of an action for damages claimed) at which the interest so assigned to the insurer attached.

In the case of Vasu v. Kohlers, Inc., supra, the facts necessary and·required for these determinations were completely and fully before that court on the record, as was also true in the case of Color Co. v. Mfg. Co., supra.

In the case at bar, these essential facts are not of record and have not been furnished by said affidavit in support of the within motion to make the Federal Insurance Company a party plaintiff as a necessary party to this proceeding.

In its memorandum in support of said motion, plaintiff cites eight other cases in support of—"The right to substitute parties plaintiff, or bring in additional parties plaintiff, even after the expiration of the statutory limitation period, where the cause of action remains unchanged."

With respect to the cases so cited, defendant's memorandum in opposition to said motion reads in part as follows:

"The defendant has filed an answer in this cause. The second defense raised in the answer is that the plaintiff is not the real party in interest. * * *

"We oppose the motion of the plaintiff for the reason that the two year statute of limitations on this case expired January 26, 1952. * * *

"The case of Kyes v. Pennsylvania Railroad Company, 158 Oh St 362, is wholly irrelevant. That case involved the substituting of a domiciliary administratrix in place of an ancillary administrator in a wrongful death action. There is no similarity between that case and the instant case.

"The case of Morton v. Fast, Executor, 159 Oh St 380, involved no change or addition of parties.

"The cases of Douglas v. Coal Company, 135 Oh St 641, Heater Company v. Shafer, 19 Oh Ap 399, Bonding Company v. Second National Bank, 22 O. C. C. (N. S.) 177, and McLaughlin v. Barnes, 18 O. C. C. 623, all involved cases of substituting parties. That question is not involved in the instant case.

"The case of Baughman v. Hower, 56 Oh Ap 163, involved a case of an indivisible chose in action. Furthermore, the Court of Appeals, in that case, held that the demurrer should have been overruled because the necessary facts were not apparent on the face of the second amended petition."

This court finds that the distinctions so set forth in defendant's memorandum appear to be well made and subscribes thereto and adopts same in disposing of the within motion.

It is also noted that the question of the applicability of the statute of limitations was first raised in plaintiff's memorandum; and although, as already pointed out, its relation to the issue herein raised by the motion cannot be fully determined, in the absence of those essential facts hereinabove discussed and set forth, there appears to be some authority for defendant's contention that said statute of limitations is a bar to such claim of said insurer as the real party in interest. In the case of **Hartford Accident & Indemnity Co. v. Procter & Gamble Co., 91 Oh Ap 573,** the Court of Appeals for Hamilton County held:

"4. The bar of a statute of limitations operates against the assignee of a cause of action with the same force with which it would have controlled the person from whom the right or title was derived."

And in the case of **Squire v. Guardian Trust Co., 79 Oh Ap 371,** in **paragraph 21** of the headnotes thereto, the Court of Appeals for Cuyahoga County held:

"21. The policy of the law is against the assertion of stale claims."

Whatever interest, if any, the Federal Insurance Company may have acquired or derived from the Hercules Trouser Company, as the result of any existing insurance contract at the time of said collision, the record herein clearly fails to show that such insurer has exerted any diligence or effort to assert any rights thereunder or to make any representations with respect thereto. Such demonstrated and continuing lack of interest, over a period of four years since the date of said accident, should be considered in disposing of the within motion, together with such other matters of record which would particularly indicate and signify dilatory motive or intent in the filing thereof.

The provisions of §2309.58 R. C., read:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the laws govern-

ing civil procedure, the court may permit either to be made conformable by amendment."

The cases have universally held that this section (formerly §11363 GC) vests broad discretionary powers in the court. However, in the light of all the facts and circumstances of record in the instant proceeding as hereinabove set forth and discussed, it appears that the granting of said motion, to make the Federal Insurance Company a party plaintiff and for leave to file a second amended petition herein, would impair and substantially change defendant's second defense and would not be in furtherance of justice within the meaning and intent of said section.

### CONCLUSION

For the reasons and upon the grounds above set forth and discussed, this Court finds that:

1. The express provisions of a contract for indemnity and subrogation are essential matters of record to determine the real party or parties in interest;

2. When an insured has brought action within the statutory period as the real and sole party in interest and, after defendant's answer has been filed denying such interest, such insured seeks the addition of an insurer as a real party in interest, such motion and affidavit in support thereof should clearly show the express provisions of the contract by which the alleged insurer acquired or derived an interest and whether such acquisition attached before or after said action was commenced;

3. When it appears from the record that the statutory period has run against such alleged insurer and the facts of record further show that such insurer has failed, for over a period of four years, to exert any effort to intervene with respect to such claim, the court may consider such facts to be indicative of the dilatory purpose and intent of such motion;

4. When defendant's answer set up a specific defense directed to the real interest of the insured plaintiff, under the facts and circumstances above set forth, the court should find that the granting of said motion would impair and substantially change defendant's defense, and would be contrary to the purpose and intent of §2307.05 and §2309.58 R. C.; and

5. That, upon due consideration of all facts of record as shown by the respective pleadings, motion and affidavit, the court should find said motion not to be well made; and that said motion should be overruled.

The court further finds that counsel for defendant should prepare an entry accordingly with appropriate notation therein

of exceptions on behalf of plaintiff and thereupon submit same within ten days to counsel for plaintiff and to this court for approval.