## HERCULES TROUSER COMPANY, Plaintiff, v. ZARET, Defendant.

Common Pleas Court, Fayette County.

No. 21195. Decided February 23, 1955.

Collis Gundy Lane, Richard Huggard, Columbus, for plaintiff and Federal Insurance Company.

Benoy & Sebastian, Columbus, for defendant.

## OPINION

By CASE, J.

The plaintiff (Hercules Trouser Company) filed its original petition herein on March 24, 1951, seeking damages in the alleged amount of its entire loss arising out of a collision between its motor vehicle and that of defendant on January 26, 1950; and, on September 25, 1953. by leave of court, plaintiff filed its amended petition herein seeking damages for all losses suffered by it as a result of said collision.

On October 3, 1953, defendant answered plaintiff's amended petition and, for his second defense therein, asserted:

"For his second defense. the defendant says, that the plaintiff is not the real party in interest for the reason it has assigned all or part of its claim to some other person or corporation.

"Interrogatories are attached hereto to be answered under oath by an officer of the plaintiff."

The interrogatories so attached to defendant's answer read as follows:

"State whether or not plaintiff has assigned its right of action to recover for damages sustained by the tractor and trailer involved in the collision referred to in the amended petition, to any person, firm or corporation either in whole or in part.

"If your answer to interrogatory No. 1 is that said cause of action has been assigned, either in whole or in part, state to what person, firm or corporation said cause of action has been so assigned."

On October 26, 1953, the court scheduled and assigned said matter for jury trial on March 23, 1954.

On March 4, 1954, plaintiff (Hercules Trouser Company) filed the following motion: "Plaintiff moves the court for an order making the Federal Insurance Company, a party plaintiff herein; and for leave to file a Second Amended Petition"; and attached thereto an affidavit which reads as follows:

"Richard Huggard, being first duly sworn, says that he is attorney for plaintiff; that at the time of the collision described in the amended petition filed herein, the Hercules Trouser Company carried a fifty Dollar ($50.00) Deductible Collision Policy with the Federal Insurance Company; that as a result of said collision and said policy, the Federal Insurance Company paid to the Hercules Trouser Company the sum of Six Hundred Ninety and 18/100 ($690.18) Dollars and that the Federal Insurance Company is a necessary party to the determination of this cause."

On March 24, 1954, this court made and issued its decision denying plaintiff's motion to make the Federal Insurance Company a party plaintiff herein (53 O. O. 214, 67 Abs 595, 118 N. E. 2d 701); and, as stated in the headnotes of **Hercules Trouser Company v. Mitchell L. Zaret, 53 O. O. 214**, this court held:

"1. The express provisions of a contract for indemnity and subrogation are essential matters of record to determine the real party or parties in interest.

"2. When an insured has brought action within the statutory period as the real and sole party in interest and, after defendant's answer has been filed denying such interest, such insured seeks the addition of an insurer as a real party in interest, such motion and affidavit in support thereof should clearly show the express provisions of the contract by which the alleged insurer acquired or derived an interest and whether such acquisition attached before or after said action was commenced.

"3. When it appears from the record that the statutory period has run against such alleged insurer and the facts of record further show that such insurer has failed, for over a period of four years, to exert any effort to intervene with respect to such claim, the court may consider such facts to be indicative of the dilatory purpose and intent of such motion.

"4. When defendant's answer set up a specific defense directed to the real interest of the insured plaintiff, under the facts and circumstances above set forth, the court should find that the granting of said motion would impair and substantially change defendant's defense, and would be contrary to the purpose and intent of §2307.05 and §2309.58 R. C."

On August 14, 1954, the Federal Insurance Company filed its motion to be made a party herein in the following language:

#### "Motion To Be Made Party Plaintiff

"The Federal Insurance Company hereby moves the court for an order to be made a party plaintiff herein.

#### "Alternative Motion To Be Made Party Defendant.

"In the event the court should overrule the foregoing Motion. Federal Insurance Company moves the court for an order making it a party defendant herein."

Attached thereto and in support thereof was an affidavit which reads as follows:

"Richard Huggard, being first duly sworn, says that he is attorney for the Federal Insurance Company; that at the time of the collision described in the amended petition filed herein, the Hercules Trouser Company carried a One Hundred Dollar ($100.00) Deductible Collision Policy with the Federal Insurance Company; that as a result of said collision and said policy, the Federal Insurance Company on or about March 9, 1950, paid to the Hercules Trouser Company the sum of Six Hundred Ninety and 18/100 ($690.18) Dollars; that the Federal Insurance Company is entitled to and by Motion which this affidavit supports, is seeking subrogation to the extent of its said payment, and that the Federal Insurance Company is a necessary party to the determination of this cause."

The Federal Insurance Company also attached thereto the tender of answer which reads as follows:

"The Federal Insurance Company herewith tenders an answer to be filed in the event the court should sustain its alternative motion to be made party defendant.

"In the event the court should sustain its motion to be made party plaintiff, the Federal Insurance Company then adopts and tenders the second amended petition heretofore tendered to this court."

And, the Federal Insurance Company also attached thereto the following answer:

"Defendant, the Federal Insurance Company avers that at all times mentioned in plaintiff's amended petition, it was a corporation admitted to the State of Ohio for the purpose of transacting a general fire insurance business, including the insuring of automotive equipment against the hazard of loss by collision; that on or about the 26th day of October, 1949, it issued its policy of insurance No. CUFW 4190322 to plaintiff whereby it agreed, among other things, to pay plaintiff for any loss or damage caused by collision of any automobile insured thereby with another object, and said policy further provided that in the event of any payment thereunder the Federal Insurance Company should be subrogated to all of plaintiff's rights of recovery thereafter against any person or organization and that plaintiff should do whatever necessary to secure such rights; that one of the automobiles thereunder was the tractor and trailer described in plaintiff's amended petition; that said policy was in full force and effect on January 26, 1950; that as a result of the collision described in plaintiff's amended petition, the Federal Insurance Company was obliged to and did on March 9, 1950, pay to plaintiff the sum of Six Hundred Ninety and 18/100 ($690.18) Dollars, taking therefor at said time, a subrogation receipt and assignment from plaintiff on March 9, 1950.

"WHEREFORE, the Federal Insurance Company prays that it may be subrogated to any recovery had herein by plaintiff to the extent of Six Hundred Ninety and 18/100 ($690.18) Dollars."

The aforesaid motion, of the Federal Insurance Company to be made a party herein, was also supported by a memorandum, filed on August 14, 1954, which concluded with the following language:

"For the information of the court and counsel, there is pending in the Court of Appeals for this District, the case of Markel v. Mitchell, No. 5049. This case involves a state of facts presenting questions very similar to that presented here, and a decision in that case might well be dispositive of

this. We are informed that this case will be assigned at the September call of the docket of the Court of Appeals.

"We submit that denial of these motions would be both prejudicially erroneous and an abuse of discretion."

On the 27th day of October, 1954, the Court of Appeals of Franklin County rendered its opinion, in the case of Glen R. Markel, Plaintiff-Appellant, v. Okey O. Mitchell, Defendant-Appellee, No. 5049, which reads as follows:

"On March 10, 1951, the plaintiff, Glen R. Markel, was the owner of a 1950 Chevrolet on which he had a $50.00 deductible policy of collision insurance with the Motors Insurance Corporation. His car was involved in a collision with the defendant's automobile on this date and damaged, requiring repairs in the amount of $497.78. Plaintiff paid his $50.00 deductible feature on the repair bill and the insurance corporation paid $447.78. Plaintiff executed a Loss and Damage Agreement to the insurance corporation in which he subrogated the insurance corporation to the extent of $447.78.

"On July 3, 1951, plaintiff in his name alone filed suit against the defendant in the Common Pleas Court of Franklin County for $600.00 damages to his automobile, the said claimed amount being the difference between the value of the automobile immediately before the collision and the value immediately after the collision. On August 15, 1951, the defendant filed his answer and cross-petition. The second defense in his answer reads:

" 'Defendant is informed, and therefore alleges that at the time of the collision alleged in plaintiff's petition, the plaintiff was insured by the Motors Insurance Corporation, for all loss or damage to his automobile in excess of $50.00, caused by collision with another automobile.

" 'Defendant says that prior to the commencement of this action by the plaintiff the said Motors Insurance Corporation paid for all loss or damage to plaintiff's automobile, in excess of $50.00, and thereby said Motors Insurance Corporation became subrogated to all right, title and interest in any cause of action plaintiff might have, to the extent of the loss or damage payment made by the said Motors Insurance Corporation, and thus, at the time of the commencement of this action, said Motors Insurance Corporation was, and still is, the real party in interest, and therefore a necessary party to this action.'

"On September 15, 1951, plaintiff demurred to the second defense of the answer for the reason that it did not set forth facts sufficient to constitute a defense to the plaintiff's action. On April 7, 1952, the demurrer was overruled. On May 6, 1953, this case came on to be heard upon its merits. Prior to the impaneling of the jury counsel for the plaintiff made a motion to make the Motors Insurance Corporation a party defendant to the action and for leave to file its answer instanter. The Court refused this request and overruled his motion on the grounds that the application was not timely made. The bill of exceptions on page 3 discloses a series of admissions on the part of counsel for the plaintiff. The demurrer of the plaintiff to the second cause of action in the answer of the defendant having been overruled, admits the truth of the facts therein stated and properly pleaded. The Court ordered that the plaintiff's petition be dismissed and proceeded to trial upon the

amended cross-petition of the defendant and the amended answer thereto filed by the plaintiff. A jury was impaneled and at the conclusion of the defendant's evidence the Court directed the jury to return a verdict in favor of the plaintiff upon the amended cross-petition of the defendant and entered judgment against the defendant.

"The first assignment of error is,

"'The trial court erred in overruling the motion of the plaintiff-appellant to make the Motors Insurance Corporation a party defendant to this action.'

"Counsel's admissions in open court on May 6, 1953 disclose that the insurance company had paid $447.78, being the total amount of the repairs not counting the $50.00 deductible interest, and the insurance company became subrogated to the amount which it paid.

"From the face of the pleadings it appears that the accident happened on March 10, 1951, and the application to make the insurance company a party defendant was made on May 6, 1953, over two years after the accident. The insurance company's rights cannot be enforced against the defendant by reason of the statute of limitations. How can the plaintiff be prejudiced by the Court's refusal to make the insurance company a party defendant? In the refusal of the Court to permit the insurance company to be made a party defendant the Court did not err. When the petition was filed by the plaintiff the insurance company was a necessary party, §11241 GC, and under §11256 GC, providing that,

"'Parties who are united in interest must be joined as plaintiffs or defendants.'

"The plaintiff Markel and his insurer were united in interest in the chose in action and required to be joined as parties plaintiff or defendant, and the plaintiff did not do this until the case was called for trial. The Court was in error in dismissing the plaintiff's petition. It should have submitted to the jury the issues joined with instructions that the recovery, if any, must be limited to the difference between $600.00, the amount of the plaintiff's claim, and the amount paid to the plaintiff by the insurance company, to wit, $447.78.

"Judgment reversed. Cause remanded."

Since the Court of Appeals of Franklin County is also the Court of Appeals of Fayette County, and since the application to make the Federal Insurance Company a party defendant in the instant case was made on August 14, 1954, over four years after said accident, this Court must follow the pronouncement of its Court of Appeals in the case of Markel v. Mitchell, supra, to the effect that said insurance company's rights cannot be enforced against the defendant by reason of the statute of limitations.

Therefore, for the reasons and upon the grounds already set forth and discussed by this court in **Hercules Trouser Co. v. Zaret, 53 O. O. 214, 67 Abs 595, 118 N. E. 2d 701,** in its decision heretofore rendered on March 24, 1954, and in conformity with the decision of Court of Appeals for this District, in the case of Markel v. Mitchell, No. 5049, dated October 27, 1954, as hereinabove quoted and set forth, this court finds that the aforesaid motions of the Federal Insurance Company, to be made a party herein, are not well made and should be overruled.

The court further finds that counsel for defendant should prepare an entry accordingly, reaffirming and readopting this court's former decision

of March 24. 1954, as if fully rewritten therein, together with appropriate notation of exceptions on behalf of plaintiff (Hercules Trouser Company) and also the Federal Insurance Company, and thereupon submit same within ten days to counsel for plaintiff and the Federal Insurance Company and to this court for approval.